# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVARY BAPTIST CHURCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1283-M ) |
| CHURCH MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand and Brief in Support, filed December 16, 2016. On December 31, 2016, defendant responded. Based on the parties' submissions, the Court makes its determination.

## I. Introduction

On October 2, 2014, plaintiff filed this action in the District Court of Garfield County, State of Oklahoma. On November 18, 2015, defendant removed this action to this Court. Plaintiff now moves this Court for an order remanding this action back to state court. Specifically, plaintiff contends that this action should be remanded back to state court because: (1) the removal was untimely; (2) there is an insufficient amount in controversy; and (3) the citizenship of defendant is questionable.

## II. Discussion

The timeliness of defendant's Notice of Removal is generally governed by 28 U.S.C. § 1446(b), which provides, in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

> the claim for relief upon which such action or proceeding is based . . . .
>
> * * *
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1),(3). "Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotations omitted). However, removal based on diversity of citizenship is prohibited under § 1446(b)(3) if the removal is "more than [one] year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. *See* 28 U.S.C. § 1332(a). Further, in determining a corporation's citizenship, for diversity jurisdiction, the Court looks to the corporation's principal place of business.

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings . . . .

*Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010).

Having reviewed the parties' submissions, the Court finds that this action was timely and properly removed to this Court. When this action was initially filed in state court, plaintiff only asserted damages in excess of $10,000, in violation of Okla. Stat. tit. 12, § 2008(A)(2).[1] Defendant was served on February 20, 2015, and on February 25, 2015, defendant's counsel contacted plaintiff's counsel and requested that plaintiff file an amended complaint in compliance with Okla. Stat. tit. 12, § 2008(A)(2). *See* Def. Resp. Ex. 2 Email from Kenyatta Bethea to Mike Roberts. After no response from plaintiff regarding filing an amended complaint, on May 8, 2015, defendant filed a Motion to Clarify Damages, and on May 21, 2015, plaintiff responded by filing a Clarification of Damages in which plaintiff indicated it was seeking damages in an amount less than $75,000.00. *See id.* at Ex. 3, Defendant Church Mutual Insurance Company, Inc.'s Motion to Clarify Damages and Brief in Support and Ex. 4, Clarification of Damages. In an effort to ascertain the amount of damages plaintiff sought in this case, defendant issued discovery, to which plaintiff was non-responsive, and on September 22, 2015, defendant filed its Motion to Compel. *See id.* at Ex. 5, Defendant's Motion for Order Compelling Discovery and Brief in Support. On October 21, 2015, plaintiff filed its Initial Disclosure Pursuant to 12 O.S. § 3226(A)(2) seeking damages of approximately $90,503.66. *See id.* at Ex. 6, Plaintiff's Initial Disclosure Pursuant to 12 O.S. § 3226(A)(2).

Based on the evidence provided by defendant, the Court finds that plaintiff acted in bad faith in order to prevent defendant from removing this action, and, therefore, defendant is not

---

[1] Okla. Stat. tit. 12, § 2008(A)(2) provides in part:
> Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.

Okla. Stat. tit. 12, § 2008(A)(2).

subject to the one year prohibition on removal in diversity actions. Specifically, the Court finds that defendant made significant attempts to ascertain the amount of damages in this matter, once served with this action, and plaintiff was either non-responsive or unresponsive to defendant's requests. It was only after plaintiff filed its Initial Disclosure Pursuant to 12 O.S. § 3226(A)(2), over a year after this action had been filed, that defendant was able to ascertain the amount of damages that plaintiff was pursuing and timely removed this action to this Court. Further, the Court finds that defendant has provided the Court sufficient evidence for the Court to determine that its principal place of business is located in Merrill, Wisconsin.[2] Therefore, the Court finds that the requirements of diversity jurisdiction have been met and plaintiff's motion to remand should be denied.

III. Conclusion

Accordingly, for the reasons set forth above, this Court DENIES Plaintiff's Motion to Remand and Brief in Support [docket no. 6].

**IT IS SO ORDERED this 10th day of February, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Out of defendants 978 employees, 728 employees are employed at their headquarters in Merrill, Wisconsin, including the two defendant employees assigned to plaintiff's claims. *See* Def. Resp. at 10 (citing defendant's website at www.churchmutual.com/3/About%20Us).