## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CALVARY BAPTIST CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1283-M |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's, Church Mutual Insurance Company, Inc. ("CMIC"),
Motion to Dismiss Plaintiff's Bad Faith Claim and Brief in Support, filed August 23, 2016. On
August 30, 2016, plaintiff filed its response. Based on the parties' submissions, the Court makes
its determination.

I.      Background[1]

On October 2, 2014, plaintiff Calvary Baptist Church ("CBC") filed this action in the
District Court of Garfield County, State of Oklahoma, alleging a breach of contract claim against
CMIC. On November 18, 2015, CMIC removed this action to this Court. On August 2, 2016, the
Court granted CBC's motion to amend its complaint to add a bad faith claim. CMIC now moves
this Court to dismiss CBC's bad faith claim, pursuant to Federal Rule of Civil Procedure
12(b)(6), for failure to state a claim upon which relief can be granted.

For years prior to this litigation, CBC had been insured by CMIC. CBC was inspected by
CMIC annually prior to the renewal of its policy. During the inspection, prior to the issuance of
the policy, the roof was deemed to be water tight and well able to resist moisture and outside
elements; there was no inside water damage, and the four air conditioning units were in proper

---

[1] The alleged facts set forth are from plaintiff's Amended Complaint.

working order and in-service. From March 12, 2013 to March 12, 2016, CBC consistently paid its premiums for policy number 0093189-02-558337 ("Policy"), to insure against weather events, mechanical breakdown, and vandalism. Pursuant to the Policy, any damages suffered by CBC was to be paid based on the replacement cost valuation method, and further, pursuant to the Policy, CMIC was obligated, in good faith and in fair dealing, to either repair or replace covered losses.

On May 13, 2013, during the duration of the Policy, CBC's air conditioners were vandalized and certain items of copper were hastily and violently removed from each unit. On June 1, 2013, during the duration of the Policy, the roof and interior at CBC was damaged by violent weather, including sudden water infiltration. CBC alleges it timely submitted claims for each event resulting in damage or loss to CMIC. The claims were assigned numbers and claim adjusters. The damaged property in question was inspected three times by CMIC claims adjusters. CBC alleges that CMIC's on-site claims adjusters acknowledged coverage for the vandalism and for the weather related roof damage and, further, alleges that the on-site claims adjusters did not reference any immediate contract exclusions that would be applicable to CBC's claims. CBC also alleges that CMIC's claims adjusters agreed that the Policy obligated CMIC to pay for reasonable replacement costs, and, therefore, CMIC would base its damage calculation on true replacement costs.

CBC alleges that a good faith replacement cost estimate was rendered for the four air conditioning units in the amount of $17,087.00, by Stevens Refrigeration & Heating, Inc., a good faith replacement cost estimate was rendered for the roof in the amount of $79,081.00, by Brochu Roofing, and a repair estimate for the water damage inside of the church was rendered in the amount of $15,000. CBC further alleges that it was given verbal assurances by CMIC's

2

claims adjusters that CMIC would pay for the inside rainwater removal and clean-up. Relying on

that assurance, CBC alleges it hired Executive Cleaning Service to begin the inside water clean-

up, as well as commenced repairs to the air conditioning units and roof. CBC further alleges that

on June 29, 2013, it was presented with a repair estimate from CMIC's claim adjusters, which

purported to pay the amount of $21,106.60 for the damages incurred to CBC's property. CBC

alleges that this amount was $100,000.00 less than the good faith estimates of its losses it was

rendered. CBC further alleges that CMIC's estimate failed to include payment for the water

removal and other emergency efforts to mitigate the damage. CBC also alleges that CMIC's

claims adjuster refused and failed to respond in writing with an explanation as to why he was

refusing to discuss the reasonable repair of the interior of the church and the replacement cost of

the roof and air conditioning units.

II.    Standard of Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts
> that are merely consistent with a defendant's liability, it stops short
> of the line between possibility and plausibility of entitlement to
> relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further,

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to

relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. <u>Discussion</u>

CMIC asserts that CBC has failed to articulate a claim for bad faith by generally asserting basic allegations for a claim of bad faith. The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1978). In so doing, the court held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904.

The court further recognized:

> there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

4

*Id.* at 905. "The elements of a bad faith claim against an insurer for delay in payment of first-party coverage are: (1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury." *Ball v. Wilshire Ins. Co.*, 221 P.3d 717, 724 (Okla. 2009). "The absence of any one of these elements defeats a bad faith claim." *Id.*

In its Complaint, CBC specifically alleges: (1) there was a replacement cost Policy in effect between CBC and CMIC that insured the church for weather events, mechanical breakdowns, and vandalism, *see* Compl. ¶ 2; (2) CBC timely submitted its claims for its damaged property covered under the Policy and the claims were assigned claim numbers and adjusters who inspected the damaged property three times, acknowledged CBC's coverage and the damages to the property, and agreed that CBC's Policy obligated CMIC to pay for reasonable replacement costs, *see id.* ¶¶ 5-11; and (3) CBC received good faith replacement cost estimates for its air conditioning units and roof and repair cost of the water damage inside the church and relied on the adjuster's verbal confirmation of coverage to move forward with mitigating the damages incurred from the interior water damage, *see id.* ¶¶ 11-15.

CBC also alleges that CMIC's claims adjuster knew the cost for actual repairs of CBC's loss would be more that what was allowed in the initial payment of the claim, and, therefore, CMIC's claims adjuster, rendering payment, knowingly underpaid CBC. *See id* ¶18a. Further, CBC alleges that because of CMIC's action, by way of its adjusters, in inspecting CBC's losses, acknowledging coverage, advising CBC to do repairs, making an initial payment on the claims, and not providing any sort of reservation letter or written notice that the CMIC's claims adjusters' promises were without prejudice to CMIC's right to deny coverage, CBC's

expectations that CMIC would pay for the necessary repairs was reasonable. *See id* ¶ 18(b)-(c).

Further, CBC alleges:

> . . . . In handling of this claim, the Defendant breached the implied covenant of good faith and fair dealing by refusing to fully investigate the loss, by refusing to make additional payment when it became reasonably apparent to Defendant's adjuster that the additional payment was due under the policy and by refusing to consider the reasonable expectations of its insureds that Defendant would pay the reasonable and necessary cost to repair the loss that it had already determined was covered under the subject CGL insurance policy.
>
> . . . . As a direct result of the breach of the implied covenant of good faith and fair dealing Plaintiff has sustained the loss of policy benefits in the amount set forth above, . . .

*Id.* ¶¶ 21-22.

Therefore, having carefully reviewed CBC's Complaint, and presuming all of CBC's factual allegations are true, and construing them in the light most favorable to CBC, the Court finds that CBC has sufficiently set forth plausible allegations in its Complaint that would allow the Court to draw an inference that CMIC unreasonably, and in bad faith, withheld the additional payment of CBC's claims for the damage it incurred to its air conditioning units, roof, and to its interior from water damage. As such, the Court finds that CBC's bad faith claim should not be dismissed.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES CIMC's Motion to Dismiss Plaintiff's Bad Faith Claim and Brief in Support [docket no. 22].

**IT IS SO ORDERED this 4th day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE